## SUCCESSION OF J. C. BOONE.—A. C. COLE *v.* N. F. BOONE et als.

The direction of the testator in his will, that his property should be divided in kind among his forced heirs, that the portion going to his grand-son should be paid him by his co-heirs in money, and that the property contained in his lot be transferred to them in proportion to the amount they contribute to its purchase, is not legally binding.

APPEAL from the District Court of the parish of West Feliciana, *Sterling*, J. U. B. & E. *Phillips*, for Mrs. *Cole* and *husband*.

*Cyrus Ratliff*, for *W. S. Boone*, appellant, cited C. C., 1482; *Rachal* v. *Rachal*, 4 A. R., 501.

SLIDELL, C. J. The only matter presented for our consideration in this cause is so much of a decree of the District Court in the matter of the succession of *John C. Boone*, as directs the sale of the lands and slaves which fell to the lot of a minor grand-child in partition, on sums to be fixed upon the advice of a family meeting.

By the will of the deceased, he had directed a partition, in kind, to be made among his forced heirs, and there was a clause in the will in these words: "It is my will, and I hereby so order and direct, that the portion or amount, which may be coming and due at the time of said partition to my grand-son, *William Sydney Boone*, shall be paid him by his co-heirs, in money, and that the property contained in his lot be transferred to them in proportion to the amount they

contribute to its purchase." The lot which fell to him in the partition consisted of a tract of land containing 55¼ acres, three slaves and movable property to the amount of $409 19.

The tutrix expressed the opinion that it would be more for the interest of the minor to preserve the property in kind, and contends that the testator could not direct such a disposition of the share of his forced heir.

The will directed a partition in kind, and it has been so made. The co-heirs of the minor, *William Sydney Boone,* who are also forced heirs, have not thought proper to purchase the lot which fell to him in partition, nor is his tutrix willing to sell it. Under the principles of our Code and Jurisprudence regulating the subject of forced heirship and the legitime, we do not think the direction so to purchase and to sell, was legally binding. And it will also be observed that the decree of the District Judge, which seems to have been intended as a compliance with the will of the testator, is by no means a compliance. For it orders a sale generally, whereas the idea of the testator was, that the share of the grand-child should be taken by the other forced heirs only, they paying him in money.

Aside from the will, the decree is clearly irregular. For the Code provides that the immovables of a minor shall only be sold on the advice of a family meeting, declaring that such sale is of absolute necessity or of evident advantage to the minor. The decree in the present case submits nothing to the family meeting but the recommendation of the terms of sale. See Code, Art. 334.

It is therefore decreed that the clause of the judgment of the District Court which orders that the lot of the minor, *William Sydney Boone,* be sold on terms to be fixed by the advice of a family meeting, be stricken from said judgment; the costs of appeal to be paid by the succession.